ADAMO v. BLOHM et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. ARCHITECTS—ACTION FOR SERVICES.

Where, in an action for architect's services, defendants admitted plaintiff's employment to make an estimate of the cost of a building which defendants contemplated erecting, and that plaintiff furnished the estimate required, and it appeared that defendants received the plans and estimates which plaintiff prepared without objection, and never contested plaintiff's employment until after suit brought, and that the only reason why the plans, etc., were not used, was that defendants decided not to build because of lack of funds, plaintiff was entitled to recover.

Appeal from Municipal Court of New York.

Action by Angelo Adamo against Peter Blohm and another. From a Municipal Court judgment in favor of defendants, dismissing plaintiff's complaint after a trial before the court without a jury, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert B. Knowles, for appellant.
Michael J. Grady, for respondents.

HIRSCHBERG, P. J. This judgment must be reversed, as against the weight of evidence. The action is for "work, labor, and services," and the defence is a general denial. The plaintiff is an architect, and the services concededly rendered by the plaintiff to the defendants were in reference to the plans and specifications for a house which the defendants contemplated building in the spring of 1902. It is undisputed that the defendants did contemplate building a house at that time, and they admit that they employed the plaintiff to make and furnish them an estimate of the cost of a dwelling to be constructed in accordance with certain plans which they assert they already had, and which they had procured from another architect, who, however, was not produced as a witness. They admit further that the plaintiff did furnish the estimate required; and they also admit that he made and delivered to them a set of plans and specifications in the month of May, 1902, which they kept for a period of

nearly two years before the commencement of this action, without protest of any kind, although they received a bill from the plaintiff for his services in preparing them, and knew from that fact that he expected to be paid for the work. They did not at any time offer to return the plans and specifications, and did on one occasion use them by loaning them to a friend who was engaged in building.

The plaintiff testified that the defendants employed him to make the plans and specifications, and that he procured a building permit from the municipal authorities, which he gave to the defendants with the plans; that they changed their residence a few weeks afterwards; and that, after he found their new address, he demanded payment of his bill, which he was promised, but never received. His son testified in his behalf that he called on the defendants and demanded payment of the bill, receiving a similar promise of payment, with the assurance that the defendant Peter Blohm would call on the plaintiff the following Sunday. The defendant Peter Blohm admits receiving a bill from the plaintiff's son, and that he told the latter that he would call at the plaintiff's house on the following Sunday if he could. He never did call, nor in any manner, so far as appears, notify the plaintiff, either personally or in writing, that he repudiated the bill or disputed the employment.

Both defendants testified that the plaintiff's plans and specifications were satisfactory, and it is quite apparent that they would have been used by them in the construction of a house, except for the fact that they were short of money. The defendant Peter Blohm testified:

"I got a kind of a reverse in business then. Q. Did you examine them [the plans] in detail? A. No, sir. Q. You never examined them in detail? A. No, sir. Q. So you don't know what you wanted? A. Of course, I know I wanted them, but I didn't look them over closely. I was not ready to build, as I told him."

The defendant Catherine Blohm was asked, "Why haven't you gone ahead and built this house?" and she answered, "Because we didn't have the money. We didn't have enough. We wouldn't risk it."

The plaintiff denied that he made an estimate upon the plans which the defendants claimed to have in their possession before his employment, and he also denied that he ever saw those plans. The decision below is based upon a similarity which the court found to exist between the two sets of plans, apparently inducing the belief that the plaintiff had copied those belonging to the defendants. The defendants made no such claim upon the trial, and there is no evidence that the plaintiff did copy the defendants' plans, and no express evidence that the latter were not copied or adapted from the plaintiff's. It is difficult to believe that if the plaintiff had furnished to the defendants a set of plans similar, or nearly similar, to a set which they already had, and this had been done without any employment of the plaintiff in that regard, and yet was accompanied with a demand for pay for the services, the similarity would not have been discovered at the time, and that no notice would have been taken of it as a ground for refusing payment. The plaintiff's version of the occurrence is more credible than the defendants'. It is unlikely that the plans fur-

nished without a request would have been accepted when it was known that payment for the work was expected. The defendants never denied until the trial that they had employed the plaintiff to do the work, and only appear to have questioned the amount of the bill which was rendered them. Their course amounts to an acceptance of the work, and to an admission, in effect, of the fact of employment, and of their consequent liability. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.